IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JUDITH E. CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-cv-00941 |
| | ) |
| MISSOURI BAPTIST MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## COUNT I

Now comes the Plaintiff, JUDITH E. CASTILLO, by her attorneys, CALLIS, PAPA & SZEWCZYK, P.C., and for her Complaint against the Defendant, MISSOURI BAPTIST MEDICAL CENTER, states the following:

1. That at all relevant times hereto, the Plaintiff, Judith E. Castillo, was and still is a resident and citizen of the City of Granite City, Madison County, State of Illinois.

2. That at all relevant times hereto, the Defendant, Missouri Baptist Medical Center, was and still is a not-for-profit corporation, organized and existing under the laws of the State of Missouri, with its principal office in the State of Missouri and was and still is a resident and citizen of the State of Missouri.

3. That at all times relevant hereto, the Defendant operated and still operates a hospital named Missouri Baptist Medical Center (hereinafter "MBMC"), located at 3015 North Ballas Road, St. Louis, Missouri 63131, which is located within the Eastern District of Missouri.

4. That at all times relevant hereto, the Defendant provided and still provides inpatient and outpatient hospital facilities and treatment by and through its owners, agents, apparent agents, servants and employees, is engaged in the business of providing medical care and treatment and holds itself out and represents to the general public that it manages and/or employs competent and skilled medical professionals, including nurses, LPN's, nurse's aids and other health care providers.

5. That on or about November 18, 2013, Plaintiff was admitted to MBMC as an inpatient and on the same date underwent a surgical procedure in MBMC consisting of the total replacement of her right knee.

6. That after having total right knee replacement surgery, Plaintiff remained as an inpatient at MBMC, where she received various treatment and care provided by the Defendant.

7. That as the result of her surgery and other factors, the Defendant classified the Plaintiff as a high fall risk patient and Plaintiff was to receive stand by assistance for walking.

8. That on or about November 19, 2013, while classified as a high fall risk patient, Plaintiff was assisted by an agent and employee of the Defendant in walking from her hospital bed to her bathroom.

9. That the Defendant, through its agents and employees, told the Plaintiff that she would wait just outside the bathroom door, but then left the Plaintiff alone in the bathroom without standby assistance.

10. That in the bathroom, Plaintiff sat on the toilet and waited for assistance in getting up, she called out for assistance several times, she activated the call system in the bathroom to request

assistance and she continued waiting, but no one came to assist Plaintiff.

11. That after waiting for assistance which was not forthcoming, Plaintiff attempted to stand up from the toilet without assistance, lost her balance, fell and suffered injuries which are described in this Complaint.

12. That on or about November 19, 2013, the Defendant, by and through its agents, servants, owners and employees, including its physical therapy, rehabilitation and nursing staffs, breached and deviated from the generally accepted standard of care owed to Plaintiff, by then and there being guilty of one or more or all of the following negligent careless acts or omissions in the care and treatment of Plaintiff:

    a.    Failure to provide Plaintiff with stand by assistance;

    b.    Failure to initiate and maintain appropriate fall prevention precautions;

    c.    Failure properly to use a fall band to prevent injury to the Plaintiff;

    d.    Failure to provide Plaintiff with non-slip footwear;

    e.    Failure to monitor Plaintiff closely as per Defendant's protocol for high fall risk patients;

    f.    Failure to follow planned activity intervention as per Defendant's physical therapy plan;

    g.    Failure to ensure that the bathroom door was left ajar while Plaintiff was in the bathroom;

    h.    Failure to attend properly to the Plaintiff in timely fashion while Plaintiff was in the bathroom;

    i.    Failure to answer Plaintiff's bathroom call system in timely fashion;

  j.  Failure to maintain a staff to patient ratio small enough to permit the Defendant to provide Plaintiff with the requisite care and attention without the distraction of too many duties for too few employees; and/or

  k.  Otherwise negligently and carelessly failed to prevent Plaintiff's injury.

13. That as a direct and proximate result of one or more or all of the foregoing acts of negligence on the part of the Defendant, Plaintiff fell in the bathroom and suffered personal injury, including, but not limited to, a fracture of her right ankle, which required surgical treatment on November 20, 2013, and which resulted in severe and permanent injuries; she has experienced and in the future will continue to experience pain and suffering; she was made disabled and lost her normal enjoyment of life; she has suffered scarring and/or disfigurement; and she has expended and will continue to expend large sums of money endeavoring to be cured of her injuries; all to her damage in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

14. That in compliance with the provisions of Missouri Revised Statutes §538.225.1, Plaintiff attaches hereto and incorporates herein as "Exhibit A" the affidavit of her attorney, verifying that the Plaintiff has obtained the written opinion of a legally qualified health care provider stating that the Defendant herein failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in this Complaint.

15. That The Court has jurisdiction pursuant to the provisions of 28 U.S. Code § 1332 as the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and there is diversity of citizenship between the parties.

WHEREFORE, the Plaintiff, Judith E. Castillo, prays for judgment in her favor and against

the Defendant, Missouri Baptist Medical Center, for damages in an amount which will fairly and justly compensate her for her injuries and damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs of court.

                Respectfully Submitted,

        By:   /s Edward J. Szewczyk, Jr.
                Edward J. Szewczyk, Jr., No. 2791765IL
                1326 Niedringhaus Avenue
                P.O. Box 1326
                Granite City, Illinois 62040
                Telephone: (618) 452-1323
                Facsimile: (618) 452-8024
                E-mail: ejs@callislaw.com